J. S23010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LOUIS HILL, | : | No. 3387 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 20, 2012,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0000494-2008,
CP-23-CR-0002291-2009, CP-23-CR-0002303-2009,
CP-23-CR-0004875-2008, CP-23-CR-0000493-2008

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 08, 2014**

Appellant appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding no error, we affirm.[1]

On September 24, 2009, a jury found appellant guilty of attempted murder, aggravated assault, and possessing a firearm without a license in connection with an incident in Darby Township on October 22, 2007, during which appellant repeatedly shot the victim following an earlier quarrel with the victim over a jacket appellant had taken from the victim's home.

---

[1] We note that this appeal applies only to appellant's conviction at docket number CP-23-CR-0000493-2008.  Appellant's PCRA petition raised only this docket number and conviction.  Appellant improperly added these additional docket numbers to a later pleading.

On November 18, 2009, the trial court sentenced appellant to an aggregate term of 23½ to 47 years' imprisonment, which sentence included a 20 to 40-year sentence for attempted murder. On February 28, 2011, this court affirmed the judgment of sentence, and on July 7, 2011, our supreme court denied appeal. *Commonwealth v. Hill*, 24 A.3d 468 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 362 (Pa. 2011). On August 8, 2011, appellant timely filed the instant PCRA petition. Counsel was appointed, but was subsequently permitted to withdraw on October 16, 2012, following the filing of a motion to withdraw and "no-merit" brief pursuant to *Turner-Finley* practice.[2] By that same order, the PCRA court issued notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss the petition without hearing. On October 23, 2012, appellant filed a response, and on November 20, 2012, the PCRA court denied the petition. This timely appeal followed.

Appellant raises the following issues on appeal:

> 1. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO: (A) OBJECT TO EVIDENCE OF DEFENDANT'S PRIOR BAD ACTS, MOVE FOR A MISTRIAL, AND GIVE A PROPER JURY INSTRUCTION REGARDING THE EVIDENCE OF DEFENDANT'S PRIOR BAD ACTS; and (B) OBJECT TO THE COMMONWEALTH'S EVIDENCE RELATING TO HEARSAY TESTIMONY AND MOVE FOR A MISTRIAL?

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

2. WHETHER PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE TRIAL COUNSEL AND DIRECT APPEAL COUNSEL'S INEFFECTIVENESS?

3. WHETHER THE COURT ERRED IN DISMISSING DEFENDANT'S FIRST PCRA PETITION ON THE BASIS OF COUNSEL'S "NO-MERIT" LETTER AND GRANTING COUNSEL'S APPLICATION TO WITHDRAW APPEARANCE?

4. WHETHER DEFENDANT IS ENTITLED TO THE APPOINTMENT OF COUNSEL?

5. WHETHER THE MANDATORY SENTENCES IMPOSED ON THE DEFENDANT ARE EXCESSIVE AND UNCONSTITUTIONAL;

6. WHETHER DEFENDANT IS ENTITLED TO A HEARING PURSUANT TO COMMONWEALTH-v-GRANT; and

7. WHETHER DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

Appellant's brief at 11.[3]

We find no error with the PCRA court's decision. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that there is no merit to the questions raised on appeal. The trial court's nine-page opinion, filed on August 28, 2013, thoroughly discusses and properly disposes of the questions presented. We will adopt it as our own and affirm on that basis with the following additional analysis.

---

[3] The pages of appellant's brief are unnumbered; this is by our count, treating the cover page as page 1.

In discussing issue 3, the trial court erroneously states that superior court granted counsel's application to withdraw. (Opinion, 8/28/13 at 7-8.) Clearly, it was the PCRA court that granted counsel's application to withdraw. (*See* Order, 10/16/12; Record Document No. 11.) Aside from that error, the analysis is otherwise correct.

In Issue 5, appellant argues that his sentence was excessive which the trial court correctly dismisses because challenges to the discretionary aspects of sentence not cognizable under the PCRA. However, within his brief appellant makes claims that his sentence is improper because nowhere in the statutes of Pennsylvania is there a provision criminalizing attempted murder, nor is there a provision setting the penalty for attempted murder. These arguments implicate the legality of appellant's 240 to 480-month sentence for attempted murder.

Appellant's argument simply betrays an ignorance of the law. The Legislature has provided for murder as a crime at 18, Pa.C.S.A. § 2502, while criminal attempt is provided for at 18 Pa.C.S.A. § 901. The crime of attempted murder results from the interplay of these statutes. Under Section 901, if a defendant takes an action constituting a substantial step toward murder with the intent to commit murder, as appellant did when he pumped bullet after bullet into his helpless victim, he is guilty of attempted murder. As for the statute setting the penalty for attempted murder, it is found here:

> **§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**
>
> **(c) Attempt, solicitation and conspiracy.**-- Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c). Because the victim suffered serious bodily injury, this statute authorized a penalty of 20 to 40 years' (240 to 480 months') imprisonment. There is no merit to appellant's argument.

Accordingly, finding no merit to the issues raised on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2014

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | : | NO. 4875-08 |
|---|---|---|
| | : | 493-08 |
| v. | : | 494-08 |
| | : | 2291-09 |
| LOUIS HILL | | |
| | : | |

OPINION

PAGANO, J.                                                                    August 26, 2013

Defendant has filed an appeal from the Court's order denying his PCRA Petition. For the reasons that follow, the Court's order should be affirmed.

BACKGROUND

Defendant Louis Hill was arrested and charged with Attempted murder, Aggravated Assault, and Possession of a Firearm Without a License in connection with the shooting of Dwayne Blanford in Darby Township, Delaware County on October 22, 2007.

Defendant was represented by Denis Leonard, Esquire. A jury trial was held before the Honorable Ann. A. Osborne from September 21st, 2009, through September 24th, 2009.

This case arises from the October 22, 2007 shooting of Dwayne Blanford in Darby Township, Delaware County, Pennsylvania. A week prior to the shooting, an altercation between Defendant and Mr. Blanford took place outside of Mr. Blanford's home. N.T. 9/23/09 at 104. The dispute was over a jacket that Defendant had taken from Mr. Blanford's home on a prior occasion. Id. at 104-105. Mr. Blanford confronted Defendant about the jacket and challenged him to physically resolve the dispute. Id. at 105-107. Defendant refrained from accepting Mr. Blanford's challenge, and left the property wearing the jacket in question. Id. Shortly thereafter, Mr. Blanford spoke to Defendant on the phone and asked him to return his jacket. Id. at 111. Defendant responded, "I'm going to kill you."

Mr. Blanford spent the evening of October 21, 2007 and early morning hours of October 22, 2007, at the Sharon Bar in Darby Township. Id. at 112. When Mr. Blanford and his brother-

in-law left the bar, they walked across the street to the home of Mr. Blanford's sister. Id. at 115-116. Mr. Blanford's brother-in-law went inside and Mr. Blanford began walking towards his car, which was parked across the street and in close proximity to the Sharon Bar. Id. at 117. It was at that point that Mr. Blanford was approached by Defendant, whom he knew as "Vegaz." Id. at 118, 125-126. Defendant shot Mr. Blanford multiple times with a handgun, causing him to fall to the ground. Id. at 118-122. Defendant then stood over Mr. Blanford and shot him again. Id. at 119, 122.

Detective Michael Jay of the Delaware County Criminal Investigation Division, who was a patrolman with the Darby Township Police Department on the day of the shooting, was the first to arrive on the scene. Id. at 87-88. He observed a group of bystanders and the victim, who was still lying on the ground. Id. He asked Mr. Blanford who shot him and he replied "Vegaz." Id. at 89, 127. Detective Jay and Detective Sergeant Leonard McDevitt, also of the Darby Township Police Department, both testified at trial that they knew Defendant as "Vegaz." Id. at 89-90, 236-237. Additionally, Detective Sergeant McDevitt testified that while processing Defendant, he had the opportunity to photograph a tattoo that spelled "V-E-G-A-Z" on Defendant's right forearm. Id. at 238-239.

On September 24, 2009, the Defendant was found guilty of Attempted Murder, Aggravated Assault, and Possession of a Firearm without a License. On November 18, 2009, Defendant was sentenced to twenty-three and a half to forty-seven years of incarceration.

On December 17, 2009, Defendant appealed to the Superior Court from judgment of sentence, raising two issues for consideration: (1) whether the Court erred in permitting Detective Jay and Detective Sergeant McDevitt to testify that the Defendant's known alias is "Vegaz," and (2) whether this Court erred in refusing to grant a mistrial after the Commonwealth made reference in its closing statement to the jury that the Defendant was represented by the Office of the Public Defender.

In an opinion filed on June 23, 2010, the Court concluded that Defendant's appeal was without merit and determined that judgment of sentence be affirmed. On February 28, 2011, the Superior Court denied the appeal and affirmed the decision of the Trial Court. Defendant petitioned for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on July 7, 2011.

On August 8, 2011, Defendant filed a Motion for Post Conviction Collateral Relief *pro se*, raising two issues on appeal: (1) whether prior counsel rendered ineffective assistance by failing to object and/or improperly allowing the introduction of prior bad acts of the Defendant; and (2) whether prior counsel rendered ineffective assistance by failing to object or otherwise impeach the victim relative to hearsay statements of the victim. Because this was Defendant's first petition filed pursuant to the PCRA, counsel was appointed on December 15, 2011.

On September 20, 2012, appointed counsel filed an Application to Withdraw Appearance, and a No Merit letter. On October 16, 2012, the Court granted counsel's Application to Withdraw Appearance and No Merit letter. Also on October 16, 2012, the Court gave Defendant notice of its intent to dismiss his *pro se* petition.

On October 23, 2012, Defendant filed a response. On November 20, 2012, the Court denied Defendant's Motion for Post Conviction Collateral Relief, having concluded that there were no genuine issues of material fact, Defendant was not entitled to post-conviction relief, and no purpose would be served by any further proceedings.

On November 30, 2012, Defendant filed a Notice of Appeal. On December 18, 2012, the Court ordered Defendant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b)(4).

## DISCUSSION

Defendant raises seven issues for consideration: (1) whether trial counsel was ineffective for failure to: (a) object to evidence of Defendant's prior bad acts, move for a mistrial, and give a proper jury instruction regarding the evidence of Defendant's prior bad acts, and (b) object to the Commonwealth's evidence relating to hearsay testimony and move for a mistrial; (2) whether PCRA counsel was ineffective for failing to raise trial counsel and direct appeal counsel's ineffectiveness; (3) whether the Court erred in dismissing Defendant's first PCRA petition on the basis of counsel's "no merit" letter and granting counsel's application to withdraw appearance; (4) whether Defendant is entitled to the appointment of counsel; (5) whether the mandatory sentences imposed on the Defendant are excessive and unconstitutional; (6) whether Defendant is entitled to a hearing pursuant to Commonwealth v. Grant; and (7) whether Defendant is entitled to an evidentiary hearing.

3

The Post Conviction Relief Act provides the criteria for determining an individual's eligibility for relief. The defendant bears the burden of proof by establishing by a preponderance of the evidence that the conviction(s) resulted from one or more of the PCRA's specifically enumerated errors. 42 Pa.C.S.A. § 9543(a)(2)(ii) (1998); Commonwealth v. Banks, 656 A.2d 467, 469 (Pa. 1995). The PCRA provides that the defendant must claim a constitutional violation, ineffective assistance of counsel, an unlawfully induced guilty plea, improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction in order to be eligible for relief. 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). This Court agrees with the analysis in Mr. DiBenedetto Forrest's "No Merit" letter that Defendant's claims are without merit.

## I. Whether trial counsel was ineffective.

Defendant's first issue on appeal is a challenge to whether trial counsel failed to provide Defendant with effective assistance. Defendant alleges that trial counsel failed to (a) object to evidence of Defendant's prior bad acts and move for a mistral, and give a proper jury instruction regarding the evidence of Defendant's prior bad acts, and (b) object to the Commonwealth's evidence relating to hearsay testimony and move for a mistral. Because counsel is presumed to be effective, the defendant has the burden of establishing ineffective assistance of counsel. Commonwealth v. Speight, 677 A.2d 317 (Pa. 1996); Commonwealth v. Hancharik, 633 A.2d 1074 (Pa. 1993); Commonwealth v. Granberry, 644 A.2d 204, 207 (Pa.Super. 1994); Commonwealth v. Garnett, 613 A.2d 569, 571 (Pa.Super. 1992). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that: (1) the claims are of arguable merit; (2) counsel had no reasonable basis for his or her actions and/or omissions in question; and (3) counsel's actions and/or inactions prejudiced the defendant, that is, there was a reasonable possibility that, but for the act or omission challenged, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Commonwealth v. Allen, 732 A.2d 582 (Pa. 1999); Commonwealth v. Halloway, 739 A.2d 1039 (Pa. 1999).

### (a) Failure to object to evidence of prior bad acts and move for a mistrial.

Defendant claims that trial counsel was ineffective for failing to object to the Commonwealth's introduction of evidence of Defendant's prior bad acts. As a general matter,

4

evidence of other crimes, prior bad acts, etc., is not admissible to prove the character of a person in order to show action in conformity therewith. Pa.R.E. 404(b)(1). An exception to the admission of prior bad acts arises for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided the probative value of the evidence outweighs its potential for prejudice. Pa.R.E. 404(b)(2),(3). Where a distinct crime or bad act is "part of a chain or sequence of events, which formed the history of the case and was part of its natural development," evidence of prior bad acts will be admitted. Commonwealth v. Walker, 656 A.2d 90 (Pa.1995). Furthermore, an improper reference to Defendant's prior bad conduct does not necessarily require a mistrial or curative instruction. Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). Counsel is not deemed ineffective for failing to object to a passing reference to a Defendant's prior bad act where the objection would have highlighted the testimony for the jury. Commonwealth v. LaCava, 666 A.2d 221 (Pa. 1995).

While instances of Defendant's prior conduct were discussed at trial, appropriate curative instructions were given to the jury. The Court in its charge instructed the jury that it could only consider the documentary evidence that showed Defendant did not possess a license to carry a weapon. N.T. 9/24/09 at 98-99. Defendant was charged with said firearm's offense so discussion of the same would have been probative in nature. Additionally, the victim, Mr. Blanford, testified that Defendant was a drug dealer and had sold him crack-cocaine on prior occasions. N.T. 9/23/09 at 179-180. Counsel objected to this testimony, and the Court immediately issued a curative instruction. Id. at 181. Mr. Blanford also testified that Defendant had been charged with robbery in the same case. Id. at 156. While the allegation was true, the offense was dismissed at the preliminary hearing. It is also plausible to conclude that counsel did not wish to unduly highlight said statement from the witness, since a review of the record reveals that it was a passing reference. In viewing the totality of the record, and the overwhelming evidence presented at trial, the limited commentary concerning prior bad acts did not amount to the level of prejudice that would warrant PCRA relief. This claim is therefore without merit.

### (b) Failure to object to hearsay testimony and move for a mistrial.

Defendant claims that trial counsel was ineffective for failing to object to the Commonwealth's alleged hearsay evidence from the victim. Hearsay testimony is "a statement,

other than one made by the defendant," and is generally inadmissible at trial. Pa.R.E. 801(c), 802. Communications such as exclamations, offers, and warnings do not constitute assertions and are thus not hearsay. Id. at 803. As a general rule, hearsay testimony is inadmissible because it is considered unreliable, however there are exceptions. Commonwealth v. Bean, 677 A.2d 842, 844 (Pa.Super 1996). Under the exceptions to the rule against hearsay, hearsay testimony is admissible as a statement of opposing party admission. Id. at 803(25).

At trial, Mr. Blanford testified that Defendant stated that he previously wanted to rectify the situation concerning the jacket, and that Defendant also stated that he would kill Mr. Blanford. N.T. 9/23/09 at 108-111. Counsel did raise an objection, which the Court overruled. Id. It was in the jury's purview to allocate the appropriate weight to such statements on the part of the victim. In this regard, counsel pointed out that Mr. Blanford never relayed such information to the police when he provided a statement concerning the events. N.T. 9/23/09 at 131-132. Counsel thus properly impeached the victim concerning the veracity of the inclusion of the statement. Id. There was little more that defense counsel could have accomplished concerning the exclusion of the victim's statements. Accordingly, this claim is without merit.

## 2. Whether PCRA counsel was ineffective.

Defendant's second issue is a challenge to whether PCRA counsel was ineffective for failing to raise trial counsel and direct appeal counsel's ineffectiveness. Defendant asserts that trial counsel and direct appeal counsel were ineffective for failing to object to and raise on direct appeal Defendant's sentencing claims. Defendant alleges that (1) the record and docket were void of a recorded judgment of sentence order thus making his imprisonment illegal; and (2) the sentencing court's failed to set forth which statute authorized imposition of the mandatory 240 months to 480 months imprisonment sentence upon Defendant for the criminal offense of attempted first degree murder.

Where it is shown that trial and direct appeal counsel were not ineffective with respect to a particular issue, PCRA counsel has no reasonable grounds upon which to assert counsel ineffectiveness with respect to that issue. Commonwealth v. Lauro, 819 A.2d 100, 108 (Pa.Super. 2003); Commonwealth v. Tanner, 600 A.2d 201, 206 (Pa.Super. 1991). Defendant's first claim that the record and docket are void of a recorded judgment of sentence order is without merit. Defendant's second claim that the sentencing court failed to set forth which statute authorized imposition of the mandatory 240 months to 480 months imprisonment

6

sentence for attempted first degree murder is also without merit. A review of the record reveals that a Certificate of Imposition of Judgment of Sentence was completed and signed by the Honorable Ann A. Osborne on November 18, 2009. Counsel cannot be deemed ineffective for failing to raise meritless issues. Commonwealth v. Hubbard, 372 A.2d 687 (Pa. 1977). Because trial counsel and direct appeal counsel were not ineffective, PCRA counsel was not ineffective for failing to discover and develop those issues for PCRA review. This claim is without merit.

### 3. Whether the Court erred.

Defendant's third issue on appeal is a challenge to whether the Court erred by dismissing Defendant's first PCRA petition on the basis of appointed counsel's "no merit" letter and for granting counsel's application to withdraw appearance. When post conviction counsel, appointed or retained, determines that the issues raised in a post conviction proceeding are without merit, and the court concurs, counsel shall be permitted to withdraw from the proceeding. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). Counsel seeking to withdraw in a post conviction proceeding must accompany a motion to withdraw with a "no merit" letter detailing the nature and extent of counsel's review of the issues. Id. The "no merit" letter shall list each issue the defendant wishes to pursue, and an explanation of why the defendant's issues are without merit. Id. Counsel seeking to withdraw must provide the defendant with a copy of the application to withdraw, which must include a copy of the "no merit" letter and a statement advising the defendant that if the court grants the application to withdraw, the defendant can proceed *pro se* or with private counsel. Commonwealth v. Friend, 896 A.2d 607, 615 (Pa.Super. 2006). Following receipt of counsel's "no merit" letter, the court must conduct its own independent review of the record and agree with counsel that the petition is without merit before permitting counsel to withdraw. Commonwealth v. Turner, 544 A.2d 927, (Pa. 1988). This procedure applies to a petition for post conviction relief in the trial court or where the matter is before an appellate court. Id.

A review of the record shows that counsel for Defendant and the Superior Court complied with the requirements set forth in Turner. Counsel for Defendant, after a conducting review of Defendant's entire file, communicating with prior counsel's office concerning the case, communicating with the Defendant, and researching the applicable law, concluded that the claims raised in Defendant's PCRA petition were without merit. Counsel subsequently filed a "no merit" letter and an application to withdraw appearance on September 20, 2012, listing each

claim raised by Defendant and an analysis of why each claim was meritless. A copy of the letter and application to withdraw were forwarded to Defendant, advising Defendant that if the letter and application were granted by the Court, that Defendant may address the court concerning his claims on *pro se* basis or through privately retained counsel. On October 16, 2012, upon consideration of counsel's "no merit" letter and application to withdraw appearance, and after an independent review of the record, the Superior Court granted the request. The Superior Court concluded from its review that there were no genuine issues concerning any material fact and that Defendant was not entitled to post-conviction relief, and no purpose would be served by any further proceedings. This claim is without merit.

4. **Whether Defendant is entitled to appointment of counsel.**

Defendant's fourth issue on appeal is a challenge to whether Defendant is entitled to the appointment of counsel of the denial and dismissal of his first PCRA petition. Defendant's first PCRA petition was denied by the Court, after the Court concluded that there were no genuine issues of material fact, Defendant was not entitled to post-conviction relief, and no purpose would be served by any further proceedings. Additionally, Pa.R.Crim.P. 904(D) provides for the appointment of counsel in a subsequent or second PCRA petition only where a petitioner can establish that an evidentiary hearing is required. Defendant has failed to raise any meritorious issues that would grant him the right to an evidentiary hearing on his claims, and therefore, he is not entitled appointment of counsel. This claim is without merit.

5. **Whether Defendant's sentences are excessive and unconstitutional.**

Defendant's fifth issue on appeal is a challenge to whether Defendant's sentences are excessive and unconstitutional. Claims that do not implicate the truth determining process are not of a type that is cognizable on traditional habeas corpus review will not be cognizable under the PCRA. Commonwealth v. Laskaris, 595 A.2d 1229 (Pa. Super. 1991). Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. Commonwealth v. Evans, 866 A.2d 442 (Pa. Super. 2005). Accordingly this claim is without merit.

6. **Whether Defendant is entitled to a Grant hearing.**

Defendant's sixth issue on appeal is a challenge to whether Defendant is entitled to a hearing on his claims on ineffective assistance of counsel pursuant to Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). In Commonwealth v. Grant, the Supreme Court held that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until

8

collateral review. Id. at 738. Failure to raise ineffectiveness claims on direct appeal will not result in a waiver under 42 Pa.C.S.A. § 9544(b). Id. Grant merely sets forth the procedure for which Defendant must follow to raise his claims of ineffective assistance of counsel. While Defendant has waited to raise his claims of ineffective assistance of trial counsel until collateral review, this alone does not entitle him to a hearing. This claim is therefore without merit.

7. **Whether Defendant is entitled to an evidentiary hearing.**

Defendant's seventh issue on appeal is a challenge to whether Defendant is entitled to an evidentiary hearing on his claim of ineffective assistance of PCRA counsel for failing to raise trial and direct appeal counsel's ineffectiveness in an amended PCRA petition. Under Pa.R.Crim.P. 907, an appellant is not automatically entitled to an evidentiary hearing on his PCRA petition. A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is not entitled to relief as a matter of law. Pa.R.Crim.P. 907(2). Defendant has not set forth a meritorious claim entitling him to post conviction relief. This claim is therefore without merit.

## CONCLUSION

For the foregoing reasons, this Court recommends that its order denying Defendant post conviction relief be affirmed.

BY THE COURT:

GEORGE A. PAGANO,                J.